UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEANNA A. MEDLEY,

                          Plaintiff,

        v.                                                            **DECISION AND ORDER**
                                                                      14-CV-350S

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

        1.      Plaintiff Deanna A. Medley[1] challenges an Administrative Law Judge's

("ALJ") decision that Plaintiff was not disabled within the meaning of the Social Security

Act ("the Act").  Plaintiff alleges that she has been disabled due to depression, anxiety,

obsessive compulsive disorder, and panic attacks since September 2010. She contends

that her medical conditions render her unable to work, and that she is therefore entitled

to payment of Security Disability Insurance ("SSD") benefits under the Act.

        2.      On December 23, 2010, Plaintiff submitted an application for Social SSD

benefits. She is insured for disability insurance benefits through September 30, 2012.

Her claim was denied on April 5, 2011. Pursuant to Plaintiff's request, an administrative

hearing was held before ALJ William M. Weir on April 29, 2011, at which Plaintiff

appeared with counsel and testified. ALJ Weir considered the case *de novo*, and on

August 31, 2012, issued a decision denying Plaintiff's application for SSD. On March

_____

        [1]  The Plaintiff's Brief consistently references the Plaintiff as "Cornell," even though the Plaintiff in
this case is "Medley." This Court will assume when "Cornell" was referenced, Plaintiff is referring to
Deanna A. Medley.

10, 2014, the Appeals Council declined Plaintiff's request for review. Plaintiff filed the current civil action on May 9, 2014, challenging defendant's final decision.[2]

3.      On October 3, 2014, Plaintiff filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 8). Defendant filed a response in opposition on December 1, 2014. (Docket No. 9). After full briefing, this Court deemed oral argument unnecessary and took the motion under advisement.  For the reasons set forth below, Defendant's motion is granted.

4.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).   Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   Id. Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.   See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.      "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence

---

[2]  The ALJ's August 31, 2012 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

must also include that which detracts from its weight." <u>Williams on Behalf of Williams v.</u> <u>Bowen</u>, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." <u>Rosado v. Sullivan</u>, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." <u>Valente v. Sec'y of Health and Human Servs.</u>, 733 F.2d 1037, 1041 (2d Cir. 1984).

6.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act.  <u>See</u> 20 C.F.R. § § 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7.     This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth

inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.      While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.      In this case, ALJ Weir made the following findings with the regard to the five step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of her disability (R. at 19);[3] (2) Plaintiff has a major depressive disorder and an anxiety disorder, each of which constitutes a "severe" impairment within the meaning of the Act (R. at 19); (3) Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (see 20 C.F.R. §§§ 404.1520(d), 404.1525, and 404.1526b (R. at 20)); (4) Plaintiff has the residual

---

[3] Citations to the underlying administrative record are designated as "R."

functional capacity ("RFC") to perform a full range of work at all exertional levels defined in 20 C.F.R. 404.1529 and SSRs 96-4p and 96-7p, with the following non-exertional limitations: limited to performing simple repetitive task, with transient and superficial contact with coworkers, the public, and supervisors (R. at 21); and (5) Plaintiff is unable to perform any past relevant work. (R. at 27). Further, ALJ Weir concluded that given Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (R. at 28). Based on the record, ALJ Weir ultimately determined that Plaintiff was not under a disability, as defined by the Act, from December 31, 2010,  through the date of this decision. (R. at 28).

10.     Plaintiff challenges the ALJ's final decision. Plaintiff argues that the ALJ incorrectly assessed the Plaintiff's mental residual functional capability ("MRFC") by failing to include and incorporate limitations mentioned in Dr. Wendy Weinstein's assessment of Plaintiff, and further erred by not consulting a vocational expert ("VE") when determining Plaintiff's RFC to perform work which exists in significant numbers in the national economy. Plaintiff contends VE testimony was required because her non-exertional limitations significantly eroded her occupational base.

11. The MRFC for work-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting. SSR 96-8p, at *6 (S.S.A. 1996); see also 20 C.F.R. §§ 404.1521, 404.1545(c); SSRs 85-15, 96-9p. When it is determined that Plaintiff is unskilled and the

Commissioner relied on the medical vocational guidelines ("the grids"), the Commissioner is not required to identify specific available jobs. <u>See</u> 20 C.F.R. § 404.1566(d); <u>see also</u> <u>Calabrese v. Astrue</u>, 358 F. App'x 274, 276 (2d Cir. 2009).

Based on Plaintiff's RFC and vocational factors, ALJ Weir properly determined Plaintiff was not disabled within the meaning of the Act and retained the MRFC to understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting. (R. at 28); <u>See</u> SSR 96-8p. Pursuant to Plaintiff's vocational factors, she has a limited education (up to the ninth grade), was a younger individual on her alleged onset of disability date, and has past relevant work as: a baker in a donut shop, a cashier, and a customer service representative. (R. at 22). <u>See</u> 20 C.F.R. §§ 404.1563, 404.1564. The ALJ correctly determined that Plaintiff retained the RFC to perform the full range of work at all exertional levels which required no more than simple repetitive tasks with transient and superficial contact with co-workers, the public, and supervisors. (R. at 21).

12.    The Plaintiff contends that the ALJ ignored limitations found by Dr. Weinstein when assessing whether she was disabled within the meaning of the Act, even though her opinion was given the most weight. There is no requirement that the ALJ accept every limitation in the opinion of a consultative examiner. <u>See</u> <u>Pelam v. Astrue</u>, 508 F. App'x 87, 89 (2d Cir. 2013). On June 5, 2012, Dr. Weinstein completed a medical source statement indicating that the Plaintiff had only mild restriction in the ability to understand, remember and to carry out simple instructions. (R. at 25, Ex. 17F). Dr. Weinstein further indicated that the Plaintiff had moderate restriction in the ability to

make judgments on simple work-related decisions; understand, remember and carry out complex instruction; and in the ability to make judgments on complex work related decisions. Id. Lastly, Dr. Weinstein indicated that the Plaintiff had moderate restriction in the ability to interact appropriately with public, supervisors and co-workers; and in the ability to respond appropriately to usual work situations and to changes in a routine work setting. Id. ALJ Weir mentions and includes these limitations listed above in his opinion. (R. at 25). Additionally, ALJ Weir mentions that Dr. Weinstein did not rate Plaintiff's restrictions as "extreme" in any categories, nor did Dr. Weinstein report that Plaintiff was unable to work. (R. at 25). ALJ Weir did consider all of Plaintiff's limitations listed by Dr. Weinstein in the record when determining Plaintiff could perform no more than simple repetitive tasks with transient and superficial contact with co-workers, the public, and supervisors. (R. at 21, 23-27). This Court finds that ALJ Weir did appropriately include and assess Plaintiff's limitations mentioned by Dr. Weinstein when determining whether Plaintiff is disabled within the meaning of the Act.

13.     Where, as here, a disability claimant proves that a severe impairment prevents him from performing his past work, the burden is upon the Secretary of Health and Human Services to prove that the claimant still retains a RFC to perform alternative substantial gainful work which exists in the national economy, and the burden is ordinarily satisfied by resorting to the applicable medical vocational guidelines. S.S.A.R., § 404.1598, App. 2, § 200.00(a), (e)(2), 42 U.S.C.A.App.; see also Bapp v. Bowen, 802 F.2d 601 (2d Cir. 1986); Roma v. Astrue, 468 F. App'x 16, 20 (2d Cir. 2012). Mere existence of a non-exertional impairment does not automatically require the production of a VE nor preclude reliance on the grids. Bapp, at 603. According to SSR

85-15, the Medical–Vocational Rules is an appropriate framework for evaluating solely non-exertional impairments. <u>See</u> SSR 85-15 (S.S.A.1985).[4] The <u>Bapp</u> court established that if the limitations from the claimant's non-exertional impairment significantly diminished claimant's ability to perform full range of light work, it would be necessary to present either the testimony of a VE or similar evidence with regard to the existence of jobs in the national economy for an individual with claimant's limitations.[5] <u>Bapp</u>, at 603; <u>see</u> S.S.A.R., § 404.1598, App. 2, § 200.00(a), (e)(2), 42 U.S.C.A.App. Nevertheless, the responsibility for determining a claimant's MRFC rests solely with the ALJ. 20 C.F.R. §§ 404.1527(e)(2), 404.1546; S.S.R. 96-5.

14.    Here, ALJ Weir consulted the grids after considering evidence from Drs. Weinstein, Gregory Fabiano, T. Andrews and Plaintiff's testimony, finding that the Plaintiff is "not disabled" within the meaning of the Act. (R. at 21-28). Dr. Weinstein, Plaintiff's treating psychiatrist, assessed that Plaintiff had mild restrictions in understanding, remembering, and carrying out simple instructions; and had moderate limitations in interacting appropriately with co-workers, the public, and supervisors. (R. at 25, 337). She also noted that Plaintiff responded appropriately to usual work situations and changes in a routine work setting. (R. at 25, 338).

Dr. Fabiano, a consultative psychiatrist, observed that Plaintiff's mental status was generally unremarkable. (R. at 265-66). Specifically, Plaintiff's manner of relating,

---

[4]  The Plaintiff's disability in question is a non-exertional impairment, with no mention of exertional impairment. (R. at 19-20).

[5]  Publications listed in sections 404.1566 and 416.966 of the regulations will be sufficient vocational resources for relatively simple issues. In more complex cases, a person or persons with specialized knowledge would be helpful; thus State agencies may use personnel termed vocational consultants or specialists, or they may purchase the services of vocational evaluation workshops. SSR 85-15, at *3 (S.S.A. 1985); <u>see also</u> <u>Roma v. Astrue</u>, 468 F. App'x 16, 21 (2d Cir. 2012) (finding a state agency "adjudicator" and "disability examiner" could provide vocational evidence with no suggestion that they were not "vocational experts").

social skills, overall presentation as well as language skills were adequate. (R. at 265). Her thought process was coherent and goal directed with no hallucinations, delusions, nor paranoia. (R. at 266). Based on these observations, Dr. Fabiano opined that Plaintiff's psychiatric problems were not severe enough to interfere with her ability to function on a daily basis. (R. at 27, 267). Similarly, Dr. Andrews, a State agency psychological consultant, assessed that Plaintiff had no difficulties in maintaining social functioning, only moderate difficulties in maintaining concentration, persistence, or pace; and that her psychiatric impairments were not severe.[6] (R. at 275, 285). Additionally, Plaintiff's medical sources neither observed nor assessed limitations that would preclude her from performing the full range of work at all exertional levels which required no more than simple repetitive tasks with transient and superficial contact with co-workers, the public, and supervisors. (R. at 21).[7]

ALJ Weir used evidence from all three doctors with Dr. Fabiano and Dr. Andrews being appointed as State agency psychological consultants, in helping him to determine whether the Plaintiff was disabled within the meaning of the Act. Dr. Fabiano and Dr. Andrews' opinions support a conclusion that Plaintiff's non-exertional limitation was not significantly eroded because she retained the RFC to hear, understand, or communicate simple oral instructions in an occupational base for unskilled sedentary work.

15.    Grid Rule 204.00 directed a finding of "not disabled" for a claimant with Plaintiff's vocational factors who retained the RFC to perform the full range of work at all

---

[6] See 20 C.F.R. §§ 404.1521(a) (non-severe impairments are those impairments which do not significantly limit a person's ability to do basic work activities).

[7] Where no issue with respect to physical limitations is raised by the claimant's allegations or the evidence of record, the claimant is considered to have no restrictions with respect to her physical capacities. SSR 86-8 (S.S.A. 1986).

exertional levels. 20 C.F.R. Part 404, Subpart P, Appendix 2, Grid Rule 204.00. Plaintiff's occupational base was not significantly compromised since she retained the RFC to perform unskilled work. See SSR 85-15 (where a person's only impairment is mental and is not of Listings-level severity, the final consideration is whether the person can be expected to perform unskilled work). Additionally, the ALJ determined Plaintiff's occupational base for unskilled sedentary work was not significantly eroded since she retained the RFC to hear and understand simple oral instructions or to communicate simple information. (R. at 28).

Thus, since Plaintiff's non-exertional limitations did not significantly erode her occupational base for work at all exertional levels, the ALJ properly applied Grid Rule 204.00 as a framework for determining that Plaintiff was not disabled within the meaning of the Act. (R. at 28). 20 C.F.R. § 404.1569a(d); 20 C.F.R. Part 404, Subpart P, Appendix 2, Grid Rules 204.00; SSRs 85-15, 96-8p, and 96-9p. Upon reviewing the record, ALJ Weir properly used the grids in determining that the Plaintiff was not disabled within the meaning of the Act, finding Plaintiff's mental condition did not limit her ability to perform unskilled work, including carrying out simple instructions, dealing with work changes, and responding to supervision. (R. at 28). This Court therefore finds no error in ALJ Weir's failure to call a vocational expert to testify.

16.    In light of this conclusion, and after further examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision, including objective medical evidence and medical opinions contained therein. This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within

the meaning of the Act. Finding no reversible error, this Court will grant Defendant's

Motion for Judgment on the Pleadings and deny Plaintiff's motion seeking similar relief.


IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the

Pleadings (Docket No. 9) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleading (Docket No. 8) is

DENIED.

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: July 8, 2015
        Buffalo, New York


/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge